# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP 22  A 8: 51

CLERK _____

SO. DIST. OF GA.

OLASUPO OLAGOKE,          :        CIVIL ACTION

      Plaintiff,         :

         v.           :

KOCH CELLULOSE,          :

      Defendant.         :        NO. CV205-219

### O R D E R

Plaintiff, Olasupo Olagoke, brought the above-captioned case against Defendant, Koch Cellulose ("Koch"), alleging employment discrimination based on his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §§ 2000e-2000e-17 ("Title VII").

Presently before the Court is Defendant's motion for summary judgment. Because Olagoke has not established a prima facie case of discrimination, the motion will be **GRANTED**.

AO 72A
(Rev. 8/82)

**BACKGROUND**

Koch operates a pulp and paper mill in Brunswick, Georgia. In February 2004, Olagoke, a black Nigerian man, began work in an accounting position at Koch. Olagoke's job duties included reconciling accounts, completing weekly and month-end reports, and conducting on-site inventories at warehouses located throughout the country and overseas. Olagoke reported to Jackie Adcock, who was Koch's Supervisor of Sales Accounting.

According to the parties' joint stipulation of facts, Olagoke concedes that he lied about having academic degrees in accounting on his resume and in his job application. Dkt. No. 39 at ¶¶ 73 & 74. Olagoke also admitted that he inflated his undergraduate grade point average, from 2.056 to 3.0, and misrepresented his job history on documents he submitted to the company prior to his hiring. Olagoke further agreed that he concealed periods of unemployment and hid the fact that he was asked to leave several previous jobs. Dkt. No. 39 at ¶ 75.

Moreover, Olagoke concedes that he was weeks, and often months, behind in reconciling freight invoices and releasing them for payment while working at Koch. Dkt. No. 39 at ¶ 51. Throughout Olagoke's period of employment at Koch, Adcock repeatedly advised Olagoke that his weekly and monthly reports

AO 72A
(Rev. 8/82)

were done incorrectly, that his word processing, spreadsheet data entry, and e-mail skills were subpar, and that his performance was poor in other aspects. Dkt. No. 39 at ¶¶ 39-52.

On June 18, 2004, Adcock, and other Koch employees, met with Olagoke and informed him that he was being terminated for poor job performance. After Olagoke's EEOC charge of discrimination was dismissed, he filed a complaint with the Court, pro se, alleging that his termination was based on his status as a discrete and insular minority. Olagoke also alleged that he was subjected to less favorable terms and conditions of employment due to his race and national origin.[1]

---

[1]    As an exhibit to Olagoke's brief in opposition to Koch's motion for summary judgment, Olagoke attached a document that purported to be an amended complaint. Therein, Olagoke alleges that Koch had an unspecified policy that caused a disproportionate impact on him as a member of a protected class, and that his termination by Koch led to the wrongful death of his sister, Chief (Mrs.) M. O. Olugbenle (née Olagoke), who was a citizen and resident of Nigeria.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, at this stage of the litigation, Olagoke may amend his pleadings "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Olagoke has not sought permission from the Court or Defendant to amend his complaint. Moreover, such an amendment would prejudice Defendant, because the discovery and dispositive motion deadlines have passed. Veal v. Mem'l Hosp., 894 F. Supp. 448, 451 (M.D. Ga. 1995). Inasmuch as Plaintiff has not suggested that newly discovered evidence led him to seek an amendment, it appears that Plaintiff's actions were calculated to cause undue delay in the timely resolution of this matter. Given that Defendant's motion for summary judgment was pending, any effort by Plaintiff to amend his complaint is unavailing. Carruthers v. BSA Adver., Inc., 357 F.3d 1213,

(continued...)

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . . ", United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

---

[1](...continued)
1217-18 (11th Cir. 2004).

Moreover, Olagoke's proposed amendment would be futile. To prevail on a disparate impact claim, an employee must demonstrate that an employer's facially-neutral employment practice had a disproportionate impact on members of the protected class of which he is a part, and statistical proof would be required to demonstrate such a disparity. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994-95 (1988). Olagoke has neither identified a Koch policy with an adverse impact, nor produced any statistical evidence of harm to minority or foreign-born employees. Likewise, he has produced no evidence that Koch's employment decision had any impact on his sister's death in Nigeria.

4

**DISCUSSION**

Among other things, Title VII prohibits employers from discriminating against its employees in "compensation, terms, conditions, or privileges of employment because of such individual's race." 42 U.S.C. § 2000e2(a)(1).   Intentional discrimination may be proven by direct or circumstantial evidence.  <u>Earley v. Champion Int'l Corp.</u>, 907 F.2d 1077, 1081 (11th Cir. 1990).   In cases where the plaintiff relies on circumstantial evidence of discriminatory treatment, like this one, the applicable framework is set out by <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

In that case, the Supreme Court explained

the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment.   First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'   Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

<u>Tex. Dept. of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981)(internal citations omitted).

5

Whether summary judgment is appropriate in any given employment discrimination action "depends on a number of factors. Those include the strength of plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's cause and that properly may be considered." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148-49 (2000).[2]

To establish a prima facie case of employment discrimination based on race or national origin, a plaintiff must prove that (1) he was a member of a protected class, (2) he was qualified for the position held, (3) he suffered an adverse employment action, and (4) he was replaced by a person outside his protected class. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 2003).

The parties agree that Olagoke, a black man from Nigeria, was a member of a protected class. Additionally, there is no dispute that Olagoke was terminated, which is plainly an adverse employment action. Nonetheless, the employer argues, inter alia, that Olagoke was not qualified for the position he

---

[2]
    See id. at 150 (explaining that the standard for granting summary judgment and judgment as a matter of law are the same).

held.  Because the Court agrees, it will not reach the related and additional arguments raised in Koch's briefs.

Generally speaking, an employee whose credentials do not satisfy the basic requirements of the employer's job description is not qualified to hold the job.  <u>Wisdom v. M.A. Hanna Co.</u>, 978 F. Supp. 1471, 1479 (N.D. Ga. 1997); <u>Howell v. Levi Strauss & Co.</u>, 840 F. Supp. 132, 135 (M.D. Ga. 1994).[3]

Olagoke concedes that, contrary to his representations in his resume and on the employment application, he did not possess a degree in accounting, which was expressly required by Koch's job announcement.  Olagoke Dep. 122, 140-44 & Ex. Nos. 7, 9, & 10.  Moreover, Olagoke grossly misrepresented his academic credentials in other respects, stating that his grade point average was 3.0, rather than 2.056.  Olagoke Dep., Ex. Nos. 7, 8 & 10.  Contributing to Olagoke's academic troubles were several "D" grades in accounting courses, which also was not disclosed to Koch.  Olagoke Dep., Ex. No. 8.  Further, there is no evidence that Olagoke obtained any sort of "fifth year" graduate-level accounting degree from then University of

---

[3]

Because Olagoke only held his job for five months, the Court cannot infer that he was qualified for the job due to his long tenure in the position.  <u>Damon v. Fleming Supermarkets, Inc.</u>, 196 F.3d 1354, 1360 (11th Cir. 1999).

AO 72A
(Rev. 8/82)

South Florida, as he represented.   Indeed, Olagoke did not receive an undergraduate degree in any field of study from any school.   Olagoke Dep. 140-42, 144.

Likewise, Olagoke also misrepresented his previous employment history by concealing periods of unemployment and by not admitting that he was asked to leave several previous jobs.   Olagoke Dep. 128, 162-63.   Olagoke's resume also indicated that his most recent previous employment before coming to the mill was in an accounting position when, in fact, he was a part-time bank teller at Washington Mutual Bank. Olagoke Dep. 363.

Olagoke's job performance at Koch further shows that he was not qualified for the position he held.   Olagoke had continuous difficulty in performing basic job functions, such as preparing periodic inventory and freight reports, and completing and releasing freight invoices in a timely manner. Dkt. No. 39 at ¶¶ 39-52.   The undisputed evidence of record demonstrates that Olagoke lacked the substantive knowledge to perform his work duties adequately.   Consequently, Olagoke cannot demonstrate that he was qualified for the position or, in turn, a prima facie case of employment discrimination.   See Cline v. Catholic Diocese, 206 F.3d 651, 658 (6th Cir. 2000)(an

AO 72A
(Rev. 8/82)

employee is qualified if he meets the employer's legitimate expectations).

## CONCLUSION

For the reasons explained above, Koch's motion for summary judgment is **GRANTED**. Dkt. No. 33. Additionally, Koch's motion to strike Plaintiff's amended complaint is **GRANTED**. Dkt. No. 42. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**, this _____31_____ day of September, 2006.


_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9

AO 72A
(Rev. 8/82)